D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDDIE PRESSLEY,                                            **MEMORANDUM & ORDER**

                  Petitioner,

                                                                               12-CV-4078 (NGG)

-against-

UNITED STATES OF AMERICA,

                  Respondent.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Eddie Pressley brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Pet. (Dkt. 1).) Petitioner challenges his federal conviction, asserting that he is actually innocent of carrying a firearm in violation of 18 U.S.C. § 924(c). For the reasons set for below, the court construes the Petition as a successive 28 U.S.C. § 2255 motion. The court therefore transfers the Petition to the Second Circuit Court of Appeals for certification.

## I. BACKGROUND

### A. Procedural History

On January 31, 2005, Petitioner entered a guilty plea to: (i) one count of conspiracy to distribute crack cocaine and heroin, in violation of 21 U.S.C. §§ 841(a) and 846 ("Count One"); and (ii) one count of using and carrying a firearm during and in relation to the drug trafficking crime charges in Count One, in violation of 18 U.S.C. § 924(c) ("Count Twenty-Two"). (See Min. Entry, dated Jan. 31, 2005 (Crim. Dkt. 322)[1]; Superseding Indictment (Crim. Dkt. 223).) The court sentenced Petitioner to 292 months' imprisonment on Count One and a mandatory 60-month consecutive term of imprisonment on Count Twenty-Two, resulting in a

---

[1] "Crim. Dkt." refers to the docket for Petitioner's criminal case: United States v. Pressley, No. 03-CR-297-2 (NGG).

1

total sentence of 352 months' imprisonment. (J. (Crim. Dkt. 363).) Petitioner appealed his conviction to the Second Circuit, which affirmed on November 14, 2006. United States v. Pressley, 469 F.3d 63, 64 (2d Cir. 2006), cert. denied, 549 U.S. 1297 (2007).

On February 13, 2008, Petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging the legality of his sentence. (Mot. to Vacate Sent. (Habeas I Dkt. 1)[2].) The court denied the petition. (Order (Habeas I Dkt. 10).) On June 11, 2012, Petitioner filed another § 2255 petition, again challenging the legality of his sentence. (Mot. to Vacate Sent. (Habeas II Dkt. 1)[3].) Because this was a successive § 2255 petition, the court transferred the petition to the Second Circuit pursuant to 28 U.S.C. § 1631. (Mem. & Order (Habeas II Dkt. 3).) The Second Circuit denied leave to file a successive petition. (Mandate (Habeas II Dkt. 7).)

### B. The Instant Habeas Petition

On March 15, 2012, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. (Pet.) Petitioner alleges that, under Bailey v. United States, 516 U.S. 137 (1995), he is "actually innocent" of the firearms possession charge to which he entered a guilty plea, and that he pleaded guilty due to "bad lawyering." (Pet. at 1, 5.) Bailey held that the word "use" in § 924 "must connote more than mere possession of a firearm by a person who commits a drug offense," 560 U.S. at 143; instead, a defendant must have "actively employed" a firearm to be convicted of using a firearm, id. at 147.[4] Because Petitioner's co-defendants merely "possessed" weapons and did not "actively employ[]" them during the drug trafficking offense, Petitioner

---

[2] "Habeas I Dkt." refers to the docket for Petitioner's first habeas proceeding: Pressley v. United States, No. 08-CV-695 (NGG).

[3] "Habeas II Dkt." Refers to the docket for Petitioner's second habeas proceeding: Pressley v. United States, No. 12-CV-2962 (NGG).

[4] In 1998, in "direct response to" Bailey, Congress amended § 924 to add "the word 'possesses' in addition to 'uses or carries.'" United States v. O'Brien, 560 U.S. 218, 232 (2010).

2

argues that his sentence is illegal under Bailey. (Pet. at 9.) Petitioner did not raise this claim on direct appeal or in his first § 2255 petition.

## II. DISCUSSION

The court finds that the Petition is properly construed as a § 2255 motion rather than a § 2241 motion. Because this is Petitioner's third § 2255 motion, the court transfers the Petition to the Second Circuit for certification. See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001).

### A. Legal Standard

Motions made pursuant to Sections 2255 and 2241 "address different types of claims." Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997). Whereas § 2241 motions challenge the execution of a sentence, § 2255 addresses the imposition of that sentence, including the underlying conviction. Jiminian, 245 F.3d at 146-47.

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA), § 2255 provides that "a second or successive petition is justiciable only if it is based on 'newly discovered evidence' or a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.'" Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997) (citing § 2255(h)). Pursuant to this "gatekeeping mechanism," Courts of Appeals must decide in the first instance whether a successive habeas petition can proceed. Herrera-Gomez v. United States, 755 F.3d 142, 145 (2d Cir. 2014) (per curiam).

"[A]s a general rule, federal prisoners must use § 2255 instead of § 2241[] to challenge a sentence as violating the Constitution of laws of the United States"; however, where § 2255 "provides an inadequate or ineffective remedy," a prisoner may file a § 2241 motion challenging the imposition of their sentence. Jiminian, 245 F.3d at 147. A remedy is "inadequate or ineffective in circumstances in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional

3

questions." Id. (internal quotation marks and citation omitted). "Serious constitutional questions would arise if a person who can prove his actual innocence on the existing record—and who could not have effectively raised his claim of innocence at an earlier time—had no access to judicial review." Triestman, 124 F.3d at 363. Of note, § 2255 "is not ineffective or inadequate . . . simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion." Jiminian, 245 F.3d at 147.

The Second Circuit has instructed that "when presented with a § 2241 petition raising previously available claims appropriately the subject of a § 2255 motion, district courts should construe the petition as a second or successive § 2255 motion and transfer it to this Court for certification, so long as the prisoner had a prior § 2255 motion dismissed on the merits."[5] Id.

B. Application

The instant petition is properly construed as a successive § 2255 petition. Petitioner's Bailey claim is one properly raised in a § 2255 motion, as it challenges the constitutionality of his conviction rather than the execution of his sentence. Moreover, the court sees no reason why Petitioner could not have raised his Bailey claim in his original § 2255 motion, which was dismissed on the merits. Accordingly, pursuant to the Second Circuit's directive in Jiminian, the court transfers the Petition to the Second Circuit to enable that court to determine whether certification is appropriate. See 245 F.3d at 147.

---

[5] "[I]f it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction" instead of transferring the petition to the Second Circuit for certification. Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004). "[E]ither option may be utilized by a district court when a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits." Id.

4

## III. CONCLUSION

For the foregoing reasons and in the interests of justice, the Petition (Dkt. 1) is hereby TRANSFERRED to the United States Court of Appeals for the Second Circuit. The Clerk of Court is respectfully DIRECTED to mail a copy of this Order to Petitioner.

SO ORDERED.

s/ Nicholas G. Garaufis

Dated: Brooklyn, New York
April 26, 2017

NICHOLAS G. GARAUFIS
United States District Judge